**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIAM LEE GRANT, II** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13747** |
| **CENTRAL INTELLIGENCE AGENCY, ET AL.** | **SECTION "T" (3)** |

### REPORT AND RECOMMENDATION

Before the Court is the Application to Proceed in District Court Without Prepayment of Fees [Doc. #2] filed by plaintiff William Lee Grant, II.

**IT IS ORDERED** that the pauper application [Doc. #2] is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to withhold service of the Complaint until the District Court has the opportunity to review the following report and recommendation.

Grant is a frequent filer in the federal court system. A search of the national PACER Case Locater reveals that he has filed 250 lawsuits nationwide against various parties for various reasons. He now seeks to file a lawsuit in this Court, and for the following reasons, the Court will not allow him to proceed any further.

Below is merely a smattering of paragraphs – with their corresponding number – from Grant's 17-page handwritten complaint:

(8)    The Commander-In-Chief (Ronald Reagan) directed the Secretary of Defense to create Mr. Grant to predict future nuclear attacks.

(128)  After being created in 1990, Mr. Grant was transferred to the basement of the Pentagon.

(12)   Gregory K. Harris directed Mr. Grant's dentist and orthodontist to drill the enamel off Mr. Grant's teeth.

(13)   Gregory K. Harris directed Mr. Grant's Optometrist to give Mr. Grant an incorrect prescription lense [sic] to diminish Mr. Grant's vision.

(14)    When Mr. Grant turned seventeen (17) in 2002, Mr. Grant was forced to stab Dr. Grant, or the Office of the Secretary of Defense would have sent someone to kill Dr. Grant.[1]

(17)    Mr. Grant was forced to "act gay" for more than seven years, or the Office of the Secretary of Defense would have sent someone to rape Mr. Grant.

(52)    Bill Clinton fired Federal Bureau of Investigation Director William S. Sessions to conceal the murder of Vince Foster.

(60)    Philip Mountbatten ordered the assassination of Diana, Princess of Wales. The Brits need look [sic] at MI5.

(62)    Louis Farrakhan killed Malcolm X.

(63)    Courtney Love killed Kurt Cobain.

Ultimately, Grant seeks $99 trillion in damages.  And that is just a smattering of paragraphs from the complaint.  In addition, it is clear that both the pauper application and the complaint were filed in other courts.  How does the Court know this? Because the caption is blacked out in both by sharpie, and Grant has cut out paper or used the Wite-Out Correct Strip to cover the names of the previous courts in which he has filed the identical documents and on which he has now written Eastern District of Louisiana. *See, e.g., Kakosch v. Siemens Corp.*, Civ. A. No. 14-745, 2015 WL 404113, at **10-11 (E.D. La. Jan. 28, 2015) (finding plaintiff's near-identical complaint frivolous after numerous other federal district courts across the country had dismissed near-identical complaints as frivolous).

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive dismissal, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will

---

[1] It is unclear whether Grant is confessing to murder in this paragraph.

reveal evidence of each element of the plaintiff's claim. *Estell v. Strive, Inc.*, Civ. A. No. 16-2278, 2016 WL 3746364, at *1 (E.D. La. July 13, 2016).

A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Unlike the failure to state a claim standard, however, in reviewing for frivolity, the Court is not bound to accept clearly baseless factual allegations as true." *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (explaining that allegations must be accepted as true, unless they are clearly irrational, baseless, or wholly incredible).

The Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Twombly*, 550 U.S. at 555-56). But the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Robinson v. Stephens*, No. 7:12-CV-043-O-BL, 2015 WL 728041, at *1 (N.D. Tex. Feb. 19, 2015).

This Court has outlined numerous paragraphs from Grant's complaint to support a finding that this complaint is frivolous.  And this Court is not the only one to do so.  Grant himself attached a memorandum opinion to his complaint in which the District of Alaska dismissed Grant's lawsuit on the same grounds as this Court now recommends dismissal of this suit.  [Doc. #1, Ex. 1]. In that opinion, the Alaska District Court lists the numerous federal courts that have dismissed Grant's lawsuits as frivolous. [*See id.* at pp. 5-6 n.16]. Grant's complaint does not present allegations that support a claim with an arguable basis in law or fact.  His complaint opens with

3

his creation by the Department of Defense to predict future nuclear acts and ends with numerous

celebrity conspiracy theories.  These same claims have been filed and litigated in federal courts in

at least eighteen different states and territories, including Guam and the Northern Mariana Islands.

This Court will suffer none of it.  Accordingly,

**IT IS FURTHER RECOMMENDED** that plaintiff's complaint be DISMISSED WITH

PREJUDICE as frivolous.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days

after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and

72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district

judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions

accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto.*

*Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 11th day of December, 2019.


_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**

4